IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY LINGO,<br><br>      Plaintiff,<br><br>v.<br><br>BHI ENERGY POWER SERVICES[1],<br><br>      Defendant. | CIVIL ACTION NO. _____<br><br>STATE COURT CASE NO. 2022-06-204 |

**<u>DEFENDANT BHI ENERGY I POWER SERVICES LLC'S NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BHI Energy I Power Services LLC ("Power Services") files this Notice of Removal on the basis of diversity jurisdiction and makes the following statement of the grounds for removal:

**I.  PROCEDURAL HISTORY**

1. On July 18, 2022, Plaintiff Rodney Lingo filed a Complaint (the "Complaint") commencing this action, styled *Rodney Lingo v. BHI Energy Power Services.*, Case No: 20220624, in the Court of Common Pleas of Luzerne County, Pennsylvania, Civil Division (the "State Action"). A copy of the Complaint and all other documents filed in the State Action are attached hereto as **Exhibit A**.

2. BHI received a mailed copy of the Complaint on July 25, 2022. Proof of delivery on this date is attached hereto as **Exhibit B**.

---

[1] Plaintiff incorrectly names BHI Energy Power Services as the defendant in this action. The correct entity should be BHI Energy I Power Services, LLC ("Power Services"). BHI does not object to Plaintiff amending the Complaint for the limited purpose of identifying the correct entity.

3. Plaintiff has asserted causes of action for purported violation of the Pennsylvania Minimum Wage Act ("PMWA") and the Wage Payment and Collection Law ("WPCL") and seeks monetary damages.

## II. THIS CASE IS PROPERLY REMOVED TO THIS COURT.

### A. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here.

### (1) Complete diversity of citizenship exists.

5. Under 28 U.S.C. § 1332(a)(2), this is a civil action between "citizens of a State and citizens or subjects of a foreign state."

6. The Complaint identifies Plaintiff as a Pennsylvania citizen. *See* Compl. at ¶ 4.

7. BHI Energy I Power Services is a limited liability company that is organized under the laws of the State of Delaware and a wholly-owned subsidiary of Bartlett Holdings, LLC ("BHI"). *See* **Exhibit C**

8. BHI is a limited liability company organized under the laws of the state of Delaware. BHI's sole member is Bartlett Holdings, Inc., a corporation that is organized under the laws of the state of Delaware with its principal place of business in the Commonwealth of Massachusetts. *See* **Exhibit C**.

9. Therefore, both at the time of filing the State Action and at the time of removal, there is complete diversity between Plaintiff and BHI Energy I Power Services LLC under 28 U.S.C. § 1332(a)(2), and the State Action is properly removable under 28 U.S.C. § 1441(b).

10. 28 U.S.C. § 1441(b)(2) does not preclude removal since BHI Energy I Power Services LLC, the only named defendant, is not a citizen of Pennsylvania.

**(2)  The amount in controversy exceeds $75,000.**

11. The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

12. In determining the amount in controversy, the Court considers the total amount of monetary relief that the plaintiff seeks to recover, or the financial impact the relief sought would have on defendants. *See Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 303 (3d Cir. 1998); *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (the amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

13. It is well-settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. section 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages, and attorneys' fees. *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032-35 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages, and attorneys' fees in determining amount in controversy). Plaintiff's failure to specify the amount of damages sought does not deprive this Court of jurisdiction. *Id*. at 1031; *see also White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy, if rules were otherwise, "any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific value dollar on its claim").

14. Plaintiff's Complaint seeks attorneys' fees. *See* Complaint, Prayer for Relief. Recoverable attorney's fees are also included in the amount in controversy calculation. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ( attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1988) (prayers for attorney's fees included in determining the amount in controversy where potentially recoverable by statute); *Neff v. Gen. Motors Corp.*, 163 F.R.D. 478, 483 (E.D. Pa. 1995) (recognizing that when plaintiffs make an explicit claim for attorneys' fees, the court must include attorneys' fees in the calculation of the amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorney's fees likely to be recovered by a plaintiff if she or she were to prevail in determining whether amount in controversy exceeds $75,000). While Plaintiff's attorney's fees cannot be precisely calculated, it is reasonable to assume that they could exceed any damages award. *See Simmons*, 209 F. Supp. 2d at 1034-35 (holding that attorney's fees are projected at the time of removal and include the entire lifespan of the case for purposes of determining the amount in controversy).

15. In making the determination of whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), the Court should aggregate the claims brought by one plaintiff against one defendant, *see Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002) ("[C]laims, whether related or unrelated, of a single plaintiff against a single defendant may be aggregated."), punitive damages and attorney's fees, as well as compensatory damages, *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *see also Dunfee v. Allstate Ins. Co.*, CIVIL

ACTION NO.: 08-CV-01425, 2008 U.S. Dist. LEXIS 49955, 2008 WL 2579799, at *8 (E.D. Pa. June 26, 2008) (considering both punitive damages and attorney's fees in determining whether the amount in controversy was met).

16.     Plaintiff seeks judgement for all unpaid wages for an unspecified number of hours, liquidated damages, pre- and post-judgment interest, attorneys' fees and expenses. *See* Compl. at p. 11-12, Prayer for Relief.

17.     During the period at issue, Plaintiff earned a straight-time hourly rate of $70.00 per hour, and overtime rate of $105.00 per hour for an extended period of time. *See* **Exhibit C**.

18.     Plaintiff alleges to work over 40 hours per week and that BHI failed to pay appropriate minimum wages for all hours worked. Furthermore, Plaintiff alleges that BHI improperly denied overtime wages for all hours worked over 40 hours. *See* Compl. at ¶ 27.

19.     A reasonable reading of the Complaint is sufficient to indicate that the sought-after relief including attorney fees and liquidated damages, exceeds the $75,000 threshold required pursuant to 28 U.S.C. § 1332(a). *See* **Exhibit D**.

20.     BHI denies the validity and merit of the entirety of Plaintiffs alleged claim, the legal theories upon which the claim is based, and the alleged claim for monetary and other relief that flow therefrom. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any amount whatsoever, BHI concedes that the allegations, as pled in this action by Plaintiff, exceed $75,000, exclusive of costs and interest.

**B.     BHI timely filed this notice of removal**.

21.     Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because BHI filed it within 30 days after BHI was first received a copy of the Complaint. *See* **Exhibit B**.

**C.     This Court is the appropriate venue for removal**.

22. Removal to this Court is proper because the United States District Court for the Middle District of Pennsylvania is the district within which the State Action is pending. *See* 28 U.S.C. § 1441(a).

### III. CONCLUSION

23. Based on the above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, records, orders, and other proceedings from the State Action are filed herewith as Exhibit A. A copy of this Notice of Removal is being filed in the Luzerne County Court of Common Pleas, and is being served upon counsel for Plaintiff.

25. If any question arises as to the propriety of the removal of this action, BHI requests the opportunity to present a brief with supporting documentation, if applicable, and oral argument in support of its position that this case is removable.

26. By filing this Notice of Removal, BHI does not waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including, but not limited to objections regarding jurisdiction, venue, sufficiency of process or service of process, and the service of discovery.

WHEREFORE, BHI respectfully removes this action from the Court of Common Pleas of Luzerne County, Pennsylvania, Civil Division, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Date: August 15, 2022

    Respectfully submitted,

    DECHERT LLP

    By: */s/ Steven Bizar*

        Steven Bizar
        Linda B. Dwoskin
        Cira Centre
        2929 Arch Street
        Philadelphia, PA 19104
        Steven.Bizar@dechert.com
        Linda.Dwoskin@dechert.com

**SQUIRE PATTON BOGG (US) LLP**

By: /s/

David W. Long-Daniels*
Allyson Lumpkin*
One Atlantic Center
1201 W. Peachtree Street NW
Suite 3150
Atlanta, Georgia 30309
Telephone: +1.678.272.3200
David.Long-Daniels@squirepb.com
Allyson.Lumpkin@squirepb.com

*To Be Admitted Pro Hac Vice

**Attorneys for Defendant BHI ENERGY I POWER SERVICES**

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, the foregoing document was filed with the clerk of this Court via the CM/ECF system, and served via email and first-class mail to the Plaintiff as follows:

Michael A. Josephson
PA Bar 308410
Andrew W. Dunlap
PA Bar 241078444
Travis A. Gasper*
Texas Bar No. 24096881
JOSEPHSON DUNLAP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 — Telephone
713-352-3300 — Facsimile
rnjosephson@mybackwages.com
adunlap@mybackwages.com
tgasper@mybackwages.com
*Pro Hac Vice Application Forthcoming

Joshua P. Geist
PA ID No. 85745
William F. Goodrich
PA ID No. 30235
GOODRICH & GEIST PC
3634 California Ave.
Pittsburgh, Pennsylvania 15212 412-766-1455 — Telephone 412-766-0300 — Facsimile josh@goodrichandgeist.com
bill@goodrichandgeist.com

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 — Telephone
713-877-8065 — Facsimile
rburch@brucknerburch.com

ATTORNEYS FOR PLAINTIFF &
PUTATIVE CLASS MEMBERS

/s/Linda B. Dwoskin
**One of the Attorneys for**
**Defendant BHI ENERGY I POWER SERVICES**